```
                    UNITED STATES DISTRICT COURT
                     MIDDLE DISTRICT OF FLORIDA
                        FORT MYERS DIVISION
```

PASCUAL LOPEZ,

                Petitioner,

vs.                             Case No. 2:10-cv-226-FtM-29SPC

MIKE SCOTT, SHERIFF OF LEE COUNTY,

                Respondents.
_____

## **ORDER OF DISMISSAL**

### I.

This matter comes before the Court upon Petitioner's Emergency Petition for Writ of Habeas Corpus And/Or Writ of Mandamus(Doc. #1, Petition), filed April 15, 2010, and Respondent's Response (Doc. #4, Response) and attached exhibit (Doc. #4-1, Exh. A), filed April 16, 2010. Petitioner has neither filed a Reply within the time allotted in the Order to Show Cause, nor sought an extension of time to do so. See Doc. #3, ¶5 (directing Petitioner to file a Reply within seven days of Respondent filing a Response). As such, this matter is deemed ripe for review without the benefit of a Reply from Petitioner.

### II.

According to the Petition, on April 25, 2009, Petitioner plead no contest to possession of drug paraphernalia and was sentenced to 6 months of county probation. Petition at 1. Petitioner subsequently violated his probation and was sentenced to 90 days,

with 42 days credit for time served, in the Lee County Jail.  Id. at 2.  Petitioner submits that he completed his sentence on March 26, 2010, subject to an Immigration Detainer (hereinafter "ICE hold") issued by the Department of Homeland Security, Bureau of Immigration and Customs Enforcement (hereinafter "ICE") pursuant to 8 C.F.R. § 287.7.[1]  Petitioner avers that the ICE hold permits officials to detain him for only 48 hours in order for the Department of Homeland Security to assume custody of the Petitioner.  Id.  Petitioner submits that the 48 hour hold expired on March 30, 2010, but he remains in the custody of the Lee County Jail.  Id.  Petitioner seeks immediate release from the county jail and a hearing within 24 hours.  Id.

The day after Petitioner filed his Petition, Respondent filed a Response and exhibit evidencing that Petitioner is no longer in the custody of the Lee County Jail.  See generally Response.  Specifically, Respondent attaches a copy of Petitioner's Immigration Detainer, Booking History, and Release Information, which indicates that Petitioner was released from the Lee County Jail to ICE on April 16, 2010.[2]  Exh. A.

---

[1] Courts have ruled that "[t]he filing of an immigration detainer is an informal process advising prison officials that a prisoner is wanted on other pending charges and requesting notification prior to the prisoner's release." Orozco v. INS, 911 F.2d 539, 541 n.2 (11th Cir. 1990).  Thus, the filing of an immigration detainer does not cause a petitioner to come within the "custody" of the INS.  Id. at 539.

[2] Notably, although the Petition was filed under the name
(continued...)

**III.**

Article III of the Constitution states that federal courts "may only adjudicate actual, ongoing controversies." Honig v. Doe, 484 U.S. 305, 317 (1988). "[A] claim is moot when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." Powell v. McCormack, 395 U.S. 486, 496 (1969); Al Najar v. Ashcroft, 273 F.3d 1330, 1336 (11th Cir. 2001). Likewise, a habeas corpus petition is considered moot when it no longer involves "a case or controversy to litigate," i.e., when even a favorable decision on the merits would not entitle the petitioner to any additional relief. Graham v. United States Parole Comm'n, 732 F.2d 849, 850 (11th Cir. 1984). Thus, if events occur subsequent to the filing of a lawsuit that deprive the court of the ability to grant the complaining party "meaningful relief, then the case is moot and must be dismissed." Al Najar v. Ashcroft, 273 F.3d at 1336. In fact, "dismissal is required because mootness is jurisdictional." Id.

A vary narrow exception to the mootness doctrine occurs when the alleged constitutional violation "is capable of repetition, yet evading review." Southern Pacific Terminal Co. v. ICC, 219 U.S. 498, 515 (1911); Murphy v. Hunt, 455 U.S. 478, 482 (1982). Two conditions must be met to invoke this doctrine: (1) the challenged

---

[2](...continued)
"Pascual Lopez," according to the Respondent's exhibits, Petitioner's full name is Pascual Lopez Gaspar. See Exh. A.

action must be of a short duration to be fully litigated; and (2) there exists a reasonable expectation that the same complaining party would be subjected to the same action again. Christian Coalition of Ala. v. Cole, 355 F.3d 1288, 1293 (11th Cir. 2004); Murphy v. Hunt, 455 U.S. at 482.

**IV.**

In this case, Petitioner's ultimate objective in bringing this case was to be released from the custody of the Lee County Jail. According to the Petition, Petitioner's state sentence had expired and he remained in custody at the county jail subject to the ICE hold, after 48 hours elapsed. See Petition. Even if the Court were to find that the Lee County Sheriff improperly held Petitioner on an expired ICE hold, pursuant to the Petition for Writ of Habeas Corpus, Petitioner would not be entitled to any additional relief. Therefore, he no longer has a personal stake in the outcome. See Graham, 732 F.2d at 850 (dismissing habeas petition as moot when petitioner sought release on parole and was released during pendency of habeas action).

Petitioner has not filed a Reply to present any exceptions to the mootness doctrine. It is clear that Petitioner is not entitled to any exceptions to the mootness doctrine because there is not a reasonable expectation that Petitioner will be subject to the same action again considering Petitioner is now in the custody of ICE. A writ of habeas corpus functions to grant relief from unlawful

custody or imprisonment. When the authority against whom relief is sought no longer has custody of the petitioner, jurisdiction does not lie to grant the writ. 28 U.S.C. § 2241 (c); <u>Orozco v. INS</u>, 911 F.2d 539 (11th Cir. 1990). Consequently, the Court must dismiss this action as moot. <u>See</u> <u>also</u> <u>Santiago Cruz v. Wise</u>, Case No. 2:09-cv-749-FTM-29DNF (M.D. Fla. Dec. 16, 2009)(dismissing case as moot with similar facts as case *sub judice*); <u>Baez v. Hamilton County Ohio</u>, Case No. 1:07cv821, 2008 WL 161240 (S.D. Ohio Jan. 15, 2008)(finding habeas petition moot when petitioner filed his habeas petition after his sentence expired and immediately before his release to the custody of immigration authorities).

ACCORDINGLY, it is hereby

**ORDERED:**

1. Respondent's Response (Doc. #4), construed to contain a motion to dismiss for mootness, is **GRANTED** and the Petition is **DISMISSED as moot.**

2. The **Clerk of Court** shall: (1) enter judgment accordingly; (2) terminate any outstanding motions; and (3) close this file.

### CERTIFICATE OF APPEALABILITY AND LEAVE TO APPEAL *IN FORMA PAUPERIS* DENIED

**IT IS FURTHER ORDERED** that Petitioner is not entitled to a certificate of appealability. A prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition. 28 U.S.C. § 2253(c)(1). Rather, a district court must first issue a certificate of appealability

(COA).  Id.  "A [COA] may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." Id. at § 2253(c)(2).  To make such a showing, petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," Tennard v. Dretke, 542 U.S. 274, 282 (2004) (quoting Slack v. McDaniel, 529 U.S. 473, 484 (2000)), or that "the issues presented were 'adequate to deserve encouragement to proceed further,'" Miller-El v. Cockrell, 537 U.S. 322, 335-36 (2003) (quoting Barefoot v. Estelle, 463 U.S. 880, 893 n. 4 (1983)). Petitioner has not made the requisite showing in these circumstances.

Finally, because Petitioner is not entitled to a certificate of appealability, he is not entitled to appeal *in forma pauperis*.

**DONE AND ORDERED** in Fort Myers, Florida, on this   26th   day of April, 2010.

JOHN E. STEELE
United States District Judge

SA: alj
Copies: All Parties of Record